MIDDLE BRIDGE CORPORATION *versus* JOHN MARKS.

The legislature of this State cannot create a corporation, and so authorize it to build a bridge, extending out of the limits of this State, as to empower such corporation to collect toll of one who passes only upon that part of the bridge without the limits of this State.

And where no express promise is made, the law will not enable such corporation to recover toll or compensation, as on an implied one, against a person for merely passing over without their permission, and under a claim of right, such portion of the bridge, as was erected by such corporation upon the territory of a foreign government.

THIS was an action of assumpsit on an account annexed to the writ, charging the defendant with the use of their bridge.

The plaintiffs were incorporated by an act of this State in 1831, by the name of the "Middle Bridge Proprietors," and empowered to erect a bridge "in Calais, across the St. Croix river," and to take toll from such as should pass over the same. The bridge was erected in the year 1832, and extended across the river, into the Province of New Brunswick. It did not appear, that the plaintiffs had any act of incorporation by the authorities of that Province, or even that they had any right from the owners of the soil to place the bridge there. There were mills on the English side of the river extending nearly as far as the English line. One of these mills, nearest the middle of the river, was owned by the defendant, and he passed over the bridge frequently, on the Province side, to and from his mill.

At the trial before TENNEY J. several witnesses and many depositions were introduced by the parties respectively, and many objections were made to the admissibility of testimony. The view taken by the Court renders it unnecessary to give the evidence, or any abstract thereof, especially as it was somewhat inconsistent on some points, and much was objected to.

The parties agreed to submit the case for the decision of the Court upon so much of the evidence as was admissible or not objected to, and that the Court should render such judgment, as the law requires, and that they should have power to draw such inferences from the evidence in the case, as a jury might do.

The whole case, both fact and law, was fully argued by

*F. A. Pike*, for the plaintiffs — and by

*J. Granger*, for the defendant.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiffs were incorporated by an act passed March 26, 1831, by the name of the "Middle Bridge Proprietors," to erect a bridge "in Calais across the St. Croix river." The suit is in the name of the "Middle Bridge Corporation." No question appears to have been made

as to the identity indicated by the two descriptions. The suit is said to be on an account annexed to the writ. From the case as made up, and the arguments, we gather, that the object of the plaintiffs is to recover a reasonable compensation of the defendant for the use he has made of the plaintiffs' bridge. It cannot be pretended, that they have a right, by the terms of the act of incorporation, to recover of him the toll provided for in it. It does not appear that he ever passed their toll house and gate, when the plaintiffs' toll gatherer was at it, and ready to exact and receive toll. At all other times their gate was to be thrown open for people to pass, as is evident from the terms of the act, without paying toll.

Indeed the complaint does not seem to be that the defendant passed over the plaintiffs' bridge, erected in Calais. The bridge, instead of being erected in Calais, extends across the St. Croix river, to St. Stephens; and the complaint is only, that the defendant used that part of it on the New Brunswick side of the river, he being the owner of a mill on that side, so situated as not to be accessible otherwise than by passing over that end of the bridge.

The legislature of this State had no power to authorize or create a corporation to build that end of the bridge, it being out of the limits of this State. As an incorporated body, therefore, the plaintiffs, by virtue of their act of incorporation, can have no claim to any use of a privilege, or exercise of authority there.

And it is difficult to perceive how an implied assumpsit, as upon an account, can be maintained against the defendant for the use he may have made of that portion of the bridge on territory under a foreign government.

No express promise is relied upon. No work and labor have been performed for his particular use and benefit; and no goods, wares or merchandize have been sold and delivered to him; nor has he received money of the plaintiffs; nor have they lent or laid out money for his particular use; and it is presumed, no attempt is made to charge him under either of these heads.

Middle Bridge Corporation *v.* Marks.

Is this claim for use and occupation ? It must, then, appear that he occupied and used the bridge by their permission, acknowledging their right.  But does he appear to have done so ? On the contrary he occupies and uses the bridge under a claim of right to do so.  He has used the passage way from his mill to St. Stephens for nine or ten years, without paying any thing. He once furnished some plank to repair the bridge.  But this would not be an unequivocal recognition of liability to the proprietors to pay for the use of the bridge.  It might be done for his own accommodation, on finding that part of the bridge not conveniently passable.

Nor can we regard what passed between him and the toll gatherer, as to a reference, as recognizing his liability.  The same witness says the defendant never agreed to pay anything. Besides, as we have before seen, such use would not constitute an item of account;  such act would not authorize a declaration upon an implied assumpsit, or on an account annexed.

*Plaintiff's nonsuit.*